## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| LOUIS DANIELSON, ) | CRIM NO. 2009-08 |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM OPINION**

Finch, Senior Judge.

This matter comes before the Court on the Motion to Suppress filed by Defendant Louis Danielson. A hearing was held on such motion on November 16, 2009.

Danielson contends that certain evidence seized pursuant to a search warrant and statements he made subsequent to the seizure of such evidence should be suppressed because of defects in the affidavit upon which the search warrant was based. In particular, Danielson argues that the affidavit did not demonstrate probable cause to search and that the investigation was not recent enough to justifying search a piece of property he owns, the home in which he resides or his car.

**I.     The Affidavit**

The affidavit states that in the summer of 2008 law enforcement officers found marijuana plants on property adjacent to Danielson's property in Estate Cotton Valley and on property co-owned by Danielson in Estate Cane Valley. Several months later, in October 2008, law enforcement officers discovered, in the vicinity of an indoor marijuana cultivation facility, boxes shipped to Danielson. According to the affiant, the equipment shipped in the boxes had been used to cultivate marijuana.

## II.     Analysis

Danielson's Cotton Valley property is described in the affidavit as containing "a foundation and cistern (under construction) and two shipping containers."  Under the "open fields" doctrine, any property beyond the curtilage is not afforded Fourth Amendment protection. Oliver v. United States, 466 U.S. 170, 180 (1984).  Similar to the circumstances in United States v. Armstrong. 2009 WL 274132, at *2 (D.V.I. Feb. 4, 2009), no one lived at Danielson's Cotton Valley property.  After considering the factors set forth in United States v. Dunn, 480 U.S. 294, 300-01 (1987), the Court finds that the open fields doctrine applies to Danielson's Cotton Valley property.  In other words, law enforcement officer did not require reasonable suspicion, probable cause, or a search warrant to search such property.  Therefore, any deficiency in the search warrant is immaterial to the search of such property and there is no basis for suppressing the evidence seized from such property.

The Court is bound by the Third Circuit Court of Appeal's decision of United States v. Hodge, 246 F.3d 301 (3d Cir. 2001) to find that the affidavit presented a substantial basis for the Magistrate Judge to issue a warrant for the search of Danielson's home.  In Hodge, the Third Circuit held it reasonable to infer that a person involved in drug dealing who was an experienced and repeat drug dealer would store evidence of that dealing at his home.  246 F.3d at 306.  The affidavit indicated that Danielson co-owned property where marijuana plants were found and that marijuana growing equipment had been shipped to him.  This gave the Magistrate Judge a substantial basis for finding probable cause to search Danielson's home.

The affidavit indicated that evidence of drug dealing would also be found in Danielson's car.  Since the evidence tended to show that Danielson did not grow marijuana at home, it was

reasonable for the Magistrate Judge to infer that Danielson would use his car to travel to and from his marijuana crops, even though the affiant did not draw that connection in the affidavit. Thus, the Magistrate Judge also had a substantial basis for finding probable cause to search Danielson's car.

The Court finds that affidavit was not stale with regard to the search of Danielson's home and car.  Although it had been eight or nine months since the affiant observed and eradicated marijuana plants on property Danielson co-owned, even if Danielson were no longer growing marijuana, there was reason to suspect that he would have preserved his financial ledges and other incriminatory evidence of his narcotics activities.

Finally, even if the Third Circuit intended to limit is holding in <u>Hodge</u> to factual circumstances more similar to those in <u>Hodge</u> than the conditions here, the Court finds that the good faith exception to the exclusionary rule applies here.  <u>See</u> <u>United States v. Leon</u>, 468 U.S. 897 (1984).  The affidavit was not "so lacking indicia of probable cause as to render official belief in its existence entirely unreasonable."  <u>Hodge</u>, 246 F.3d at 308.  Even assuming error, the officers could not be expected to know that the Magistrate Judge made an erroneous probable cause determination due to insufficient evidence linking Danielson's home or car to drug dealing.

### III.   Conclusion

For the foregoing reasons, the Court denies the Motion to Suppress.

ENTER:

DATED:  November 17, 2009  _____/s/_____
RAYMOND L. FINCH
SENIOR DISTRICT JUDGE